IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID N. STANLEY,

    Plaintiff,

v.                                          Civ. No. 11-CV-1108 GBW/WPL

DONALD GALLEGOS, *individually and in his*
*official capacity as District Attorney, et al.*,

    Defendants.

## ORDER GRANTING MOTION TO EXTEND DEADLINE

This matter comes before the Court on the Motion to Extend Deadline for Filing of Defendant Olona's Motion to Dismiss or For Summary Judgment. *Doc. 138*. The Court has reviewed Plaintiff's Response (*doc. 144*) and determined that no hearing is necessary. Being fully advised, the Court will grant the motion.

The first disputed issue is the applicable deadline for Defendant Olona's dispositive motion (*doc. 136*). In his motion to extend deadline, Defendant Olona presumes that the applicable deadline is April 30, 2015. *See doc. 138* at 1. In the relevant scheduling order, that date was established as the deadline for "[p]retrial motions, other than discovery motions." *Doc. 95* at 2. Ordinarily, this language refers to all dispositive motions. However, the scheduling order also states that "[m]otions for summary judgment based on qualified immunity are due by January 31, 2015." *Id*. Plaintiff contends that the earlier deadline ought to be applied to Defendant Olona's dispositive motion because it argues, in part, for absolute immunity. *Doc. 144* at 2-3. Plaintiff

reasons that "[q]ualified and absolute immunity from suit have long been viewed as co-extensive defenses." *Id*. at 2.  Therefore, Plaintiff asserts, applying the later deadline to Defendant Olona's absolute immunity motion rather than the earlier qualified immunity motion deadline would "elevat[e] form over substance." *Id*.

However, the Court does not find Defendant Olona's dispositive motion to be the functional equivalent of a qualified immunity motion.  Most importantly, it is not primarily based upon an assertion of immunity, but on the argument that Plaintiff cannot establish that he acted under color of law.  *See generally doc. 136*.  To the extent that Defendant Olona relies on an immunity argument, it is the absolute immunity which protects private witnesses, not the qualified immunity which protects government officials.  *Id*.  As presented, Defendant Olona's immunity defense is not intertwined with qualified immunity as it might be in the case of a prosecutor whose defenses of absolute and qualified immunity are closely related.  *See, e.g., Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).  Finally, even assuming Defendant Olona's dispositive motion is similar to a qualified immunity motion, the January deadline in the scheduling order is explicitly limited to motions based on "qualified immunity." Perhaps it would have made sense to establish a January deadline for all motions based on immunity, but the order did not do so.  It would be unfair to hold Defendant Olona to a deadline of which he was not clearly on notice.

Thus, the deadline that applied to Defendant Olona's dispositive motion was April 30, 2015. According to the docket, Defendant Olona's dispositive motion was filed at 1:49 a.m. on May 1, 2015. Undeniably, the motion was filed late. Undeniably, Plaintiff should have immediately filed a motion for extension of time. However, Plaintiff has shown excusable neglect for the 109-minute delay. Notwithstanding the deficiencies, the Court does not find it appropriate or efficient to deny the motion as untimely simply to permit the argument to be raised at trial. *See doc. 144* at 3, n.1.

Wherefore, the Motion to Extend Deadline for Filing of Defendant Olona's Motion to Dismiss or For Summary Judgment (*doc. 138*) is hereby GRANTED. Defendant Olona's Motion to Dismiss or For Summary Judgment is deemed timely filed. Plaintiff shall file his response to the dispositive motion no later than June 15, 2015.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**