IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID N. STANLEY,

    Plaintiff,

v.                                                                       No. 1:11-cv-01108-GBW-WPL

DONALD GALLEGOS, *et al.*,

    Defendants.

**ORDER REGARDING DEADLINE TO FILE MOTION FOR SUMMARY JUDGMENT PURSUANT TO ELEVENTH AMENDMENT IMMUNITY**

    This matter is before the Court on Defendant Gallegos' Consolidated Supplemental Brief in Support of Summary Judgment. *Doc. 145.* This supplemental briefing was filed pursuant to this Court's order subsequent to the April 30, 2015 hearing on Defendant Gallegos' Motion for Summary Judgment (*doc. 115*). *Doc. 142.* For the first time, in his supplemental briefing, Defendant Gallegos raises the issue that the official capacity claims brought against him are barred by Eleventh Amendment immunity. *See doc. 145* at 10-14.

    While the argument has some limited relationship to Defendant's asserted qualified immunity defense, it is undoubtedly a new and independent defense to the official capacity claims against him. As such, it would ordinarily be waived as untimely. *See doc. 95* at 2 (setting deadline of April 30, 2015 for dispositive pretrial motions). However, immunity claimed under the Eleventh Amendment may be raised at any time. *See United States ex. rel. Burlbaw v. Orenduff,* 548 F.3d 931, 942 (10th Cir.

2008).  Moreover, while immunity can be waived, such requires a "clear" indication of the State's intent to waive its immunity.  *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618-23 (2002).  This Court does not believe that the failure to raise this argument by the scheduling order deadline constitutes a clear indication of intent to waive Eleventh Amendment immunity.[1]

Having determined that Defendant's Eleventh Amendment immunity argument must be addressed on the merits, the Court now must consider whether it has sufficient factual and legal information in the record to decide the matter.  The question of whether a district attorney is a state or local official is a complicated question of state law.  *See McMillan v. Monroe Cnty., Ala.*, 520 U.S. 781 (1997); *see also Goldstein v. City of Long Beach*, 715 F.3d 750 (9th Cir. 2013).  Moreover, the result can differ depending on what function the district attorney was performing at the time.  *See Goldstein*, 715 F.3d at 759-760 (holding that California district attorney acts on behalf of the state when conducting prosecutions, but not when setting local administrative policies).  At this time, the record is woefully insufficient for the Court to determine whether Defendant Gallegos was acting as a state official while engaged in the conduct relevant to the instant case.  Therefore, unfortunately, further briefing on this matter is necessary.

WHEREFORE, should he wish to press the Eleventh Amendment immunity defense to the official capacity claims against him, Defendant Gallegos must file a

---

[1] Should Defendant Gallegos wish to raise the related argument that a State is not a "person" within the meaning of § 1983, he must explain in the motion for summary judgment ordered herein why that argument is not waived by his failure to timely raise it.  *See Lapides*, 535 U.S. at 616-18.

separate motion for summary judgment under Rule 56 asserting this defense. The motion must be filed by July 10, 2015, and must address both (1) whether a district attorney is a state or local official under New Mexico law and, if so, (2) what function the district attorney was fulfilling while engaged in the conduct relevant to this case and whether New Mexico law entitles him to immunity as a state actor while engaged in such conduct. The Court will construe the failure to file such a motion by July 10, 2015, as a clear indication of a waiver of Eleventh Amendment immunity as to those claims. Plaintiff's response shall be filed by July 27, 2015. Any reply must be filed by August 3, 2015.

    IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE