IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID N. STANLEY,

    Plaintiff,

v.                                                                  Civ. No. 11-1108 GBW/JHR

DONALD GALLEGOS, *et al.*,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS MOOT

THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary Judgment (*doc. 147*) and related briefing (*docs. 141, 151, 158, 163*). In the Motion, Plaintiff asks the Court to declare, as a matter of law, "that the road on which Defendant Donald Gallegos removed a gate, fence, lock, and other materials" is private. *See doc. 147* at 1. The removal of the gate from this road (hereinafter "Red Hill Road") on two separate occasions spurred Plaintiff to bring the present litigation.

Plaintiff's partial summary judgment motion is intertwined with his § 1983 claims for damages against Defendant Gallegos for violations of his Fourth and Fourteenth Amendment rights, which the Court dismissed on the basis of qualified immunity on March 8, 2018. *Doc. 209*. For the reasons explained below, the Court will DENY Plaintiff's Motion as moot in light of the dismissal of his damages claims against Defendant Gallegos.

## I. BACKGROUND

The Court provided a detailed accounting of the background facts of this case in its Memorandum Opinion and Order filed on March 8, 2018. *See doc. 209* at 2-6. The Court thus assumes the reader's knowledge of the facts recounted therein, which are incorporated by reference in this Order.

However, the Court emphasizes the following facts immediately pertinent to the present ruling. On August 24, 2011, Defendant Gallegos used bolt cutters to remove a locked chain securing a gate that Plaintiff had placed across Red Hill Road to block public access to the road as it traversed his property. *Doc. 125* at 1-2; *see also doc. 125-1* at 10-12, Gallegos Dep. 72:12-73:24; 82:1-86:18. A group of several other individuals, including officers from the Mora and Colfax County Sheriff's Departments and members of the public, were involved in this removal. *Doc. 125* at 1-2. In addition to cutting the lock, Defendant Gallegos and other members of the party removed a barbed-wire fence and T-posts set up at the cattle crossing and left these items resting against a tree. *Doc. 21* at 3; *doc. 160-1* at 18. Defendant Gallegos took these actions based on his belief that Red Hill Road was public pursuant to 43 U.S.C. § 932. *See doc. 158* at 5, 9; *doc. 158-2* at 7-9.

Plaintiff restored the locked gate across the road, but a Colfax County Sheriff's Deputy removed the locked chain again on September 10, 2011. *Doc. 21* at 3-4. In his Amended Complaint, Plaintiff alleged that Defendant Gallegos directed the second

2

removal. *Id.*

Following the second removal of the gate, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Gallegos's actions violated the Constitution on a number of grounds. *See doc. 21* at 5-7. Plaintiff also alleged violations of the New Mexico Constitution on the same grounds and brought state law statutory trespass claims against various Defendants.

## II. DISCUSSION

Plaintiff seeks partial summary judgment in his favor determining that Red Hill Road is private. *See generally doc. 147*. Importantly, however, Plaintiff does not seek a declaratory judgment from this Court that the road is private. *See doc. 207*, Joinder Hr'g Tr. at 42:6-44:21, 62:7-18. Rather, Plaintiff's purpose in bringing the instant Motion is to show that "Defendant Gallegos was necessarily required to provide [Plaintiff] with due process prior to both coming onto [Plaintiff's] property, allowing and inviting others to do the same, and for interfering with [Plaintiff's] property." *Doc. 147* at 2; *see also id.* at 7 nn. 1-2.

Plaintiff's counsel expounded on this argument regarding the scope and purpose of Plaintiff's Motion for Partial Summary Judgment during the December 8, 2017 hearing regarding the potential joinder of the Colfax and/or Mora County Boards of County Commissioners. *See doc. 207*. During that hearing, Plaintiff's counsel explained that Plaintiff wants the Court to find that the road is private "for purposes of this case

3

as a matter, essentially, of damages." *See id.*, Joinder Hr'g Tr. at 62:7-18. More to the point, Plaintiff filed the instant Motion (1) because Plaintiff would be entitled to greater damages on his Fourteenth Amendment claim if the road were private, and (2) because Plaintiff would more readily prevail at trial on his Fourth Amendment claim alleging that Defendant Gallegos conducted an unreasonable search if the Court found, for purposes of this case, that Defendant Gallegos engaged in a warrantless search of private property. *See id.* at 43:9-50:5. Significantly, however, Plaintiff's counsel repeatedly emphasized that there is no declaratory judgment being sought in this case, and the parties agree that the determination of whether Red Hill Road is public or private should be left to the state court currently presiding over Plaintiff's quiet title action. *Id.* at 25:10-15, 42:6-44:21, 62:7-18.

In its March 8, 2018 Memorandum Opinion and Order, the Court dismissed all of Plaintiff's § 1983 claims for damages against Defendant Gallegos in both his official and individual capacities, on the basis that all such claims were barred by either Eleventh Amendment or qualified immunity. *See doc. 209* at 13-20; 25-63. While Plaintiff's federal claim for injunctive relief against Defendant Gallegos remains intact, Plaintiff's instant Motion has no bearing on that claim. Plaintiff sought injunctive relief solely to prevent Defendant Gallegos from taking similar actions in the future without first affording Plaintiff due process of law. *See doc. 207*, Joinder Hr'g Tr. at 43:16-47:21. Therefore, as presented by Plaintiff, the Motion is not relevant to the remaining claims.

Accordingly, Plaintiff's Motion for Partial Summary Judgment (*doc. 147*) is now moot and is DENIED as such.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
United States Magistrate Judge
**Presiding by Consent**